# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

    v.

Tyrone Nathaniel Jones

March 24, 2000

Case No. 99-377

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action, the Commonwealth has filed a Motion in Limine seeking to exclude portions of the Defendant's post-arrest statement to police on the grounds that they are irrelevant and/or prejudicial to both the Commonwealth and the Defendant. The Defendant has also filed a motion seeking to delay jury sentencing so that in the event of a conviction, Mr. Jones may undergo a psychological evaluation. The Court, having reviewed the parties' briefs and the videotaped statement of the Defendant, grants the Commonwealth's Motion in Limine and denies the Defense's motion to delay jury sentencing.

## Motion in Limine

The Commonwealth has moved to have three portions of the videotaped police interrogation of Mr. Jones excluded. They are (1) approximately one hour of video in which the Defendant waited silently by himself for questioning by the police; (2) questioning of the Defendant regarding an August 26, 1999, home invasion and rape on 17th Street for which Montaret Davis now awaits trial; and (3) a sequence in which the Defendant consented to have blood drawn and a nurse entered the interrogation room to draw the

Defendant's blood solely for comparison against samples taken at the scene of the aforementioned home invasion. The Court finds that all three sections should be excluded, for reasons articulated briefly below.

Addressing first the hour of videotape in which Mr. Jones waited silently for questioning, neither the interests of the Defendant nor the interests of the Commonwealth would be served by the presentation of this evidence to the jury. While the Defendant is entitled to put forward a full and complete defense, including evidence of his demeanor during questioning, the Court finds that watching the Defendant sit silently in a room for an hour does not have any logical tendency to prove that he committed or is innocent of the crimes with which he is charged. See, e.g., *Goins v. Commonwealth*, 251 Va. 442 (1996); *Harrell v. Woodson*, 233 Va. 117 (1987). The Defendant has argued that he is entitled to display the entire videotape to demonstrate his demeanor in response to mounting police pressure throughout the interrogation. The Court finds that such demeanor evidence may be of probative value. As such, the Defendant is entitled to have the jury know that he waited quietly by himself for approximately one hour in the interrogation room prior to the beginning of the police questioning seen on the tape. This should sufficiently inform the jury of the circumstances that existed immediately prior to the interrogation of Mr. Jones.

In regards to the second contested portion of the tape, the Court holds that all questions and responses regarding the 17th Street home invasion and rape should be redacted from the video on the grounds that they are both irrelevant and prejudicial. As a general rule, the Commonwealth may not introduce evidence that a defendant is or was a suspect in an unrelated crime. Similarly, the Defendant may not introduce evidence that he was wrongly suspected of having committed an unrelated crime. The rationale behind the prohibition of evidence in both circumstances is identical, namely, that the jury will be prejudiced in favor of the party introducing the irrelevant information. The Virginia Supreme Court has clearly stated that:

> Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy. For evidence to be admissible, it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto. Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence.

*Lewis v. Commonwealth*, 225 Va. 497, 501 (1983), quoting *Bunting v. Commonwealth*, 208 Va. 309, 314 (1967). In the present matter, the questioning of the Defendant about a very public incident with which he had no involvement can have no possible effect but to cloud the minds of the jury. Given the very real danger that the irrelevant and potentially inflammatory line of questioning will divert the attention of the jury, the Court holds that all questioning which pertains to the August 26, 1999, break-in and rape on 17th Street should be redacted from the tape.

In regards to the final contested portion of the videotape, in which the Defendant gave consent to have his blood drawn and a nurse entered the interrogation room to draw the blood of the Defendant, the Court holds that the evidence should also be redacted from the tape on the grounds that it is irrelevant to the case at bar. To the best of the Court's knowledge, neither the Commonwealth nor the Defendant will have any cause to introduce any blood samples in the current matter. The sequence of video in which the Defendant's blood was drawn is relevant only to the fact that the Defendant was a suspect in an unrelated incident. The exclusion of evidence about that incident renders the segment in which the Defendant's blood was drawn wholly irrelevant. At best, presentation of the blood-drawing might strike a discordant note with the jury; at worst, the jurors might have cause to wonder if the Defendant was suspected of committing other crimes. The fact that the Defendant's blood was drawn in connection with another case does not have the slightest logical tendency to prove or disprove the Defendant's guilt in the case at bar. As such, the Court orders that the section of the videotape pertaining to the drawing of the Defendant's blood should be redacted.

The Defendant's state of mind during the police interrogation and the impact on the Defendant of the mounting inquiries of the police are relevant to the Jury's deliberation about the veracity of statements that the Defendant made to police. Having viewed the entire videotape, the Court finds that a jury will not be unduly hampered in making such a determination by the removal of the aforementioned irrelevant and prejudicial segments.

### Motion for Delayed Jury Sentencing

Also pending before the Court is the Defendant's Motion for Delayed Jury Sentencing under Virginia Code § 19.2-300. The Defense has argued that in the event of a conviction of the Defendant by the jury, jury sentencing should be delayed until a mental health exam can be performed on the Defendant, so that the jury may consider it when deliberating the sentence. The Court does

not agree that § 19.2-300 entitles the Defendant to such a delay in sentencing deliberations by the jury for the reasons articulated below.

Section 19.2-300 provides that:

> In the case of the conviction in any circuit court of any person for any criminal offense which indicates sexual abnormality, the trial judge may on his own initiative, or shall upon application ... defer sentence until the report of a mental examination ... can be secured *to guide the judge* in determining what disposition shall be made of the defendant.

Va. Code Ann. § 19.2-300 (Michie 1995) (emphasis added). The statute is unambiguous in that it entitles Mr. Jones to have a mental examination performed in the event of his conviction, prior to the final disposition of sentence. Equally unambiguously, the statute states explicitly that the purpose of the report is to *guide the judge*. It makes no mention of guiding the jury, or even the trier of fact; it speaks only to guiding the judge.

The Defense has argued that denying the jury the psychological report prior to their sentencing deliberation denies the Defendant a chance to present all of the mitigating evidence that may reduce his ultimate sentence. This is simply not the case. Virginia Code § 19.2-303 gives the judge the power to modify or completely set aside any sentence meted out by the jury. This Court reads § 19.2-300 in conjunction with § 19.2-303 to mean that the judge should delay final judgment until such a time as the report can be prepared, so that the judge will have available all of the necessary information to determine whether the sentence should be set aside or otherwise modified. Far from denying the Defendant the right to present all of the mitigating evidence that might exist, § 19.2-300 builds a delay into the system so that the court will have available all of the relevant mitigating evidence prior to announcing final judgment.

Additionally, the Court does not agree with the Defendant's contention that to consider the report after jury sentencing forces the court "into the difficult position of balancing the 'ascertained punishment' of the community against the statutorily relevant information that the fact-finder was not able to consider" or that the court "may face implicit pressures not to deviate from a jury sentence, even though ... inclined to because he possessed additional information that the jury was not allowed to consider." The legislature through § 19.2-303 has given the courts specific power to modify sentences if they see fit. It should be noted that such modification may include a suspension of sentence contingent on receiving successful treatment for some mental

disorder revealed in the post-conviction report, which a jury has no authority to recommend. As such, to delay jury sentencing would not be proper, given that it is the judge who can make best use of the post-conviction report.

## Conclusion

Accordingly, the Commonwealth's Motion in Limine is granted as to the videotaped evidence. The Defendant's motion to delay jury sentencing is hereby denied.